CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV. ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
Ph: (702) 385-1954
Fax: (702) 385-9081
cpotter@potterlawoffices.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM BROOKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF HENDERSON;<br>CHIEF JAMES WHITE, individually<br>and in his capacity as Interim Chief of<br>the Henderson Police Department;<br>OFFICER JOSEPH W. EBERT,<br>individually; DOES 1 through 10,<br>inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No: 2:14-cv-374-GMN-GWF<br><br>**AMENDED COMPLAINT**<br>(**Jury Demanded**) |

COMES NOW, Plaintiff, Adam Brooks, by and through their attorney of record, Cal J. Potter, III, ESQ., and C. J. Potter, IV, Esq. of Potter Law Offices, and for his causes of action against the Defendants, and each of them, jointly and severally, asserts and alleges as follows:

**JURISDICTION AND VENUE**

1.　This case arises under 42 U.S.C. §1983, Fourth and Fourteenth Amendments to the United States Constitution, and various state-law governmental tort statues. Jurisdiction in this Honorable Court is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiff's state-law claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.　Venue is proper in the Southern Division of the District of Nevada pursuant to 28 U.S.C. § 1391 as the underlying acts, omissions, events injuries and related facts upon which the present action are based, occurred in the City of Henderson, County of Clark, State of Nevada.

**PARTIES**

3. Plaintiff Adam Brooks is an adult qualified to bring suit on their own behalf and are citizens of the United States and residents of the State of Nevada.

4. Defendants, City of Henderson,("Henderson") is a governmental entity organized and existing under the laws of the State of Nevada. In this case, Henderson acted through agents, employees, and servants, including their policymakers and through Defendant Interim Chief James White (herein "Chief White"), the Interim Chief of the Henderson Police Department and in his individual capacity.

5. At all times, Defendant City of Henderson, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the Henderson Police Department (herein "HPD"), including those individuals charges with serving as investigators for the Detective Bureau of the Henderson Police Department and to assure that they seek warrants for arrests based upon affidavits that contain truthful and factually correct statements with the laws and constitutions of the United States and of the State of Nevada.

6. At all times mentioned herein Defendants Chief White and Officer Joseph W. Ebert ("Ofc. Ebert") and Does 1-10, were residents within the County of Clark, State of Nevada.

7. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendants Chief White and Ofc. Ebert, and Does 1-10, were employees, agents and/or servants of the City of Henderson, and acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the Henderson Police Department, and concerning the means by which the investigation of the citizen complaints are reviewed and investigated.

8. Plaintiff is ignorant of the true names and capacities if defendants sued herein as Does 1-10, and therefore sues theses defendants by such fictitious names. Plaintiff is informed, believes and alleges, that each of the fictitiously named defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings

1  hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or
2  deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to amend this
3  Complaint and state the true names and/or capacities of said fictitiously names defendants when
4  the sane have been ascertained.

5      9.    The reason why Plaintiff is ignorant of the true names and capacities of
6  Defendants sued herein as Does, is that same have been unascertainable as if the date if filing of
7  this complaint, as many of these Does may be Henderson Police Officers, captains, lieutenants,
8  commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives
9  of the HPD, or employees, agents and representatives of Defendant City of Henderson and
10 others, and as such many if their records are protected by state statue and can only be ascertained
11 through the discovery process.

12     10.    The individual defendants were at all times mentioned herein duly appointed,
13 qualified  and acting officers of the HPD, acting within the course and scope of such employment
14 with the City and under color of law, to wit, under color if the statues, ordinances, regulations,
15 policies, customs and usages of the State of Nevada.

16 **FACTS**

17     11.    Defendants City of Henderson, and its HPD, acted with deliberate indifference,
18 gross negligence, and reckless disregard to the safety, security, and constitutional and statutory
19 rights of Plaintiff and all persons similarity situated, maintained, enforced, tolerated, permitted,
20 acquiesced in, and applied policies or practices of, among other things.

21     a.    Filing factually inaccurate and/or factually incorrect affidavits for arrest
22         warrants that violates the holding of <u>Franks v. Delaware</u> and its progeny;
23     b.    Failing to adequately train, supervise, and control deputies, civilian
24         employees or volunteers in the arts of law enforcement;
25     c.    Failing to adequately discipline deputies or civilian employees in the belief
26         that they can violate the rights of persons such as the Plaintiff in this action
27         with impunity, and that such conduct will not adversely benefits;
28 . . .

        d.      Condoning and encouraging Officers and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

12. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants City of Henderson, Chief White, and Does 1-10, ordered, authorized, acquiesced in, tolerate, or permitted other defendants herein to engage in the unlawful and unconstitutional violations based either on a deliberate plan by defendants or on defendant's deliberate indifference, gross negligence, or reckless disregard ti the safety, security, and constitutional and statutory rights of the Plaintiff.

13. Plaintiff Adam Brooks was arrested, on June 14, 2012, subsequent to the issuance of a warrant which relied upon an affidavit comprised of false statements which were made knowingly and intentionally, or with a reckless disregard for the truth by Ofc. Ebert.

14. Defendant Ebert failed to contact all witnesses to the alleged incident.

15. Had Defendant Ebert contact witnesses to the incident he would have learned that four separate individuals whom were present at the location of the alleged incident states that Mr. Brooks did not identify himself as a police officer.

16. Additionally, Defendant Ebert falsely claimed, in his affidavit, that Mr. Brooks was not in lawful possession of the subject badge.

17. Contrary to Defendant Ebert's false assertion, as a retired police officer, Brooks was lawfully in possession of the subject badge.

18. Additionally, Defendant Ebert, in his affidavit, falsely stated that the fact Brooks was in lawful possession of a Brooks' retired police officer's badge, gave weight to the alleged statement over the phone.

19. Likewise, Defendant Ebert falsely stated, in his affidavit, that Henderson police took a badge that was not authorized by the department.

20. In actuality, the badge was authorized by the Department.

. . .

21. Defendant Ebert's affidavit also falsely states that the badge was taken from Mr. Brooks during a traffic stop.

22. In actuality the badge was taken from Mr. Brooks approximately fifteen minutes later while Mr. Brooks was eating at a restaurant.

23. Defendant Ebert failed to conduct an independent investigation, or to provide facts or independent professional opinions to support his unilateral conclusions.

24. The There was no basis for probable cause to arrest Adam Brooks as a result of Ofc. Ebert's false affidavit.

25. That on June 14, 2012, Plaintiff was unlawfully arrested and falsely imprisoned as a result of Ofc. Ebert's false Affidavit and Chief White, Does 1-10, and HPD's failure to properly investigate police reports, and supervise and train its employees and its failure to promulgate and enforce appropriate policing policies.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

26. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

27. By the actions and omissions described above, including, unlawfully arresting Mr. Brooks on June 14, 2012, Chief White, Ofc. Ebert, and Does 1-10, as well as other officers employed by or acting on behalf of Defendant HPD, violated 42 USC § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth, and Fourteenth Amendments to the United States Constitution:

    a. The right to be free from unreasonable seizure as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from unlawful arrest;

    c. The right to Due Process; and,

    d. All other rights as set forth herein.

. . .

. . .

28. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff, and others would be violated by their acts and/or omissions.

29. As a direct and proximate result of Defendants act and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth above.

30. The conduct of Defendants, and Does 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and applicable Nevada Statutes.

31. Plaintiff is also entitled to costs and attorneys fees under 42 USC § 1988 and applicable Nevada statutes.

## SECOND CAUSE OF ACTION

## MONELL CLAIM/MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

32. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

33. The unconstitutional actions and/or omissions of Chief White, and Does 1-10, as well as other officers employed by or acting on behalf of Defendant HPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of HPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers of HPD:

    a. To tolerate the failure to adequately investigate police reports;

    b. To tolerate and allow the unlawful arrests of citizens;

    c. To fail to use appropriate and generally accepted law enforcement procedures in handling citizen complaints;

    d. To deprive citizens of their right to petition their government about their government ;

    e. To deny citizens their right to Due Process and other constitutional rights as set forth herein;

    f. To cover-up violations of constitutional rights by any or all of the following:

1          i.      By failing to properly investigate and/or evaluate complaints ;

2          ii.      By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity;

         iii.      By allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    g.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    h.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of

34.     Defendant HPD, Chief White, and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Ofc. Ebert, and Does 1-10, and other HPD personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

35.     The unconstitutional actions and/or omissions of Chief White, Ofc. Ebert, and Does 1-10, as well as other officers employed by or acting on behalf of Defendant HPD, as described above, were approved, tolerated, and/or ratified by policy-making officials of HPD. Plaintiff is informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within HPD, and that such policy makers have direct knowledge of the fact that the arrest of Plaintiff was not justified. Notwithstanding this knowledge, the authorized policy makers within HPD have approved Defendants Ofc. Ebert and Does 1-10 arrest and the basis for that arrest. By so doing, the authorized policy makers within

1  HPD have shown affirmative agreement with the individual defendant officers' actions, and have
2  ratified the unconstitutional acts of the individual defendants.
3  　　　　36.　　The aforementioned customs, policies, practices, and procedures, the failures to
4  adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as
5  the unconstitutional orders, approvals, ratification and toleration or wrongful conduct by
6  Defendants HPD, Chief White, and Does 1-10, were a moving force and/or proximate cause of
7  the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in
8  violation of 42 USC § 1983, as more fully set forth above.
9  　　　　37.　　Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of
10 rights described herein, knowingly, maliciously, and with conscious and reckless disregard for
11 whether the rights and safety of Plaintiff and others would be violated by their acts and/or
12 omissions.
13 　　　　38.　　As a direct and proximate result of the unconstitutional actions, omissions,
14 customs, policies, practices, and procedures Defendants HPD, Chief White, and Does 1-10 as
15 described above, Plaintiff sustained serious and permanent injuries and are entitled to damages,
16 penalties, costs and attorney fees as set forth above, and punitive damages against Defendants
17 Chief White, Ofc. Ebert, and Does 1-10 in their individual capacities.

### THIRD CAUSE OF ACTION

### SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983

20 　　　　39.　　Plaintiff realleges each and every paragraph in this Complaint as if fully set forth
21 here.
22 　　　　40.　　Chief White and Does 1-10 are directly liable for the acts of Ofc. Ebert, and Does
23 1-10, for failing to enforce the laws of the State of Nevada and the regulations of the Henderson
24 Police Department pertaining to the need for probable cause to detain and arrest an individual.
25 Chief White is the policy maker for the Henderson Police Department.
26 　　　　41.　　Chief White, Ofc. Ebert, and Does 1-10 denied Plaintiff his First Amendment
27 right to petition their government about their government.
28 . . .

42. Chief White and Does 1-10 have the duty and responsibility to implement and enforce the guidelines, procedures, and regulations of the Henderson Police Department and to train and supervise the conduct of the employees of the Henderson Police Department to ensure they are properly trained in the arrest and legal basis for the detention of individuals.

43. Chief White's and Does' 1-10 failure to enforce the laws of the State of Nevada and the regulations of the Henderson Police Department encouraged and caused constitutional violations by the aforementioned officers.

44. Plaintiff is thus entitled to compensatory damages, general and special, resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983.

45. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and are therefore entitled to be awarded reasonable attorney's fees as part of her costs pursuant to 41 U.S.C. § 1988.

46. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs,, including but not limited to attorney fees in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## FOURTH CAUSE OF ACTION

## PENDANT STATE TORT CLAIM FOR MALICIOUS PROSECUTION

47. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

48. Defendants initiated, procured the institution of and actively participated in the continuation of a criminal proceeding against Plaintiff.

49. Defendants lacked probable cause to commence said proceeding.

50. Defendants acted with malice.

51. The criminal proceeding terminated in Plaintiff's favor.

52. Plaintiff suffered injury to his reputation, humiliation, embarrassment, mental suffering, financial damages, and inconvenience, all proximately caused by Defendants' actions.

. . .

53. One remains "seized," within the meaning of the Fourth Amendment, as long as a prosecution remains pending. Therefore, the time to file a § 1983 action based on malicious prosecution begins to run upon dismissal of the criminal charges.

54. As a direct and proximate result of the malicious prosecution and the gross negligence and carelessness and other improper conduct of Defendants, and each of them, Plaintiff is entitled to special damages that Plaintiff incurred and punitive damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

55. As a further result of Defendants' conduct, Plaintiff has had to retain the services of attorneys in this matter, and therefore, seeks reimbursement for attorney's fees and costs.

## FIFTH CAUSE OF ACTION

## PENDANT STATE TORT CLAIM FOR FALSE ARREST

56. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

57. By unlawfully arresting Mr. Brooks on June 14, 2012, Defendants' acts intended to confine Plaintiff within boundaries fixed by Defendants.

58. Defendants' acts directly resulted in confinement of Plaintiff.

59. Plaintiff was conscious of the confinement and were harmed by said confinement.

60. Plaintiff suffered physical injuries and emotional distress, including humiliation, indignity and disgrace.

61. Defendants' conduct of arresting Plaintiff without legal probable cause constitutes false arrest and false imprisonment .

62. As a direct and proximate result of Defendants conduct, Plaintiff has incurred special and general damages in an amount to be shown at the time of trial.

63. Defendants' conduct was committed intentionally, maliciously, and with conscious disregard to the constitutional rights of Plaintiff warranting the imposition of punitive damages.

64. As a direct and proximate result of the false imprisonment and the gross negligence and carelessness and other improper conduct of Defendants, and each of them,

Plaintiff is entitled to special and punitive damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

65. As a further result of Defendants' conduct, Plaintiff has had to retain the services of attorneys in this matter, and therefore, seeks reimbursement for attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For compensatory and general damages in a sum in excess of $75,000.00 for each of the above-stated causes of action;

b. For exemplary damages, in a sum in excess of $75,000.000;

c. For punitive damages in a sum of excess of $75,000.00; as to non-public defendants and individual capacity public defendants;

d. For legal pre-judgment interest, at the highest rate allowable;

e. For reasonable attorney fees and costs of suit; and

f. For any such further relief this Court deems appropriate.

DATED this 11th day of June, 2014.

        POTTER LAW OFFICES

        By /s/ Cal J. Potter, III, Esq.
        CAL J. POTTER, III, ESQ.
        Nevada Bar No. 1988
        C. J. POTTER, IV. ESQ.
        Nevada Bar No. 13225
        1125 Shadow Lane
        Las Vegas, Nevada  89102
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of POTTER LAW OFFICES, and that, on the 11th day of June, 2014, I filed and served through the CM/ECF electronic filing service a true and correct copy of the foregoing **AMENDED COMPLAINT (Jury Demanded)** as follows:

Nancy Savage, Esq.
CITY OF HENDERSON
240 Water Street
Henderson, NV 89015
Ph:  (702) 267-1200
Fax: (702) 267-1201
*Attorney for Defendant City of Henderson and Officer Ebert*

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jenna Enrico
　　　　　　　　　　　　　　　　　　　　　　　　　　An Employee of Potter Law Offices