**JOSH M REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorney for Defendants
CITY OF HENDERSON, OFFICER JOSEPH W. EBERT
And CHIEF JAMES WHITE

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM BROOKS,<br><br>          Plaintiff,<br><br>  v.<br><br>CITY OF HENDERSON; CHIEF JAMES WHITE, in his capacity as Interim Chief of the Henderson Police Department; OFFICER JOSEPH W. EBERT, individually; DOES 1 through 10, inclusive;<br><br>          Defendants. | CASE NO.: 2:14-cv-00374-GMN-GWF |

### DEFENDANTS CITY OF HENDERSON, OFFICER JOSEPH W. EBERT AND CHIEF JAMES WHITE'S MOTION TO DISMISS

COME NOW, Defendants CITY OF HENDERSON, OFFICER JOSEPH W. EBERT and CHIEF JAMES WHITE, through their attorneys, Josh M. Reid, City Attorney and Nancy D. Savage, Esq., Assistant City Attorney for the CITY OF HENDERSON, and moves this Honorable Court pursuant to Fed. R. Civ. Proc. 12(b)(6) for dismissal of the claims alleged in the Plaintiff's Amended Complaint filed in the above-entitled action.

1

This motion is made and based upon the pleadings and papers on file herein, the points and authorities submitted in support of the instant motion and the oral argument of counsel at the time of hearing, if any.

DATED this 10th day of July, 2014.

                CITY OF HENDERSON
                JOSH M. REID, CITY ATTORNEY

                */s/  Nancy D. Savage*
                JOSH M. REID
                City Attorney
                Nevada Bar No. 7497
                NANCY D. SAVAGE
                Assistant City Attorney
                Nevada Bar No. 392
                240 Water Street, MSC 144
                Henderson, Nevada 89009
                Attorney for Defendants

## **POINTS AND AUTHORITIES**

### I.

### **FACTUAL ALLEGATIONS**

The Plaintiff's Amended Complaint alleges that Plaintiff was arrested on June 14, 2012, pursuant to a warrant.  Plaintiff alleges that there was no probable cause because the warrant falsely stated that Plaintiff did not have a lawful badge.  Then in a contradictory statement Plaintiff alleges that Defendant Ebert falsely stated in his affidavit that Plaintiff's, "retired police officer's badge gave weight to the alleged statement over the phone."  There is no further reference to a statement given by phone or who was involved in the phone call.  There is no allegation stating what charges were brought against Plaintiff as the result of the arrest, if any.

Without any factual context, Plaintiff alleges that Defendant Ebert did not conduct an individual investigation and did not contact all witnesses to the alleged incident and that the witnesses would have stated that Plaintiff did not identify himself as a police officer.

## II.

### DISMISSAL OF THE CLAIMS AGAINST THE CITY OF HENDERSON IS APPROPRIATE BASED UPON PLAINTIFF'S FAILURE TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.   Standard of Review for Fed. R. Civ. Proc. 12(b)(6) Motion to Dismiss**

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff pleads sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Fed. R. Civ. Proc. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Twombly, supra* at 555, 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir. 2008)

(quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002)). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* at 1949. While legal conclusions can provide the framework of a complaint, <u>they must be supported by factual allegations</u>. *Id.* At 1950, emphasis added.  "Rule 8 does not empower a party to plead the bare elements of his cause of action, affix the label "general allegation" and expect his complaint to survive a motion to dismiss. *Iqbal* at 1953.

      Plaintiff's Amended Complaint consists primarily of speculative and conclusory allegations.  It does not contain factual allegations which are sufficiently specific to allege any claims which are plausible.  Instead, the few facts alleged are random, non-specific and unconnected.  Taken as a whole the alleged facts are unintelligible and completely fail to state any claim upon which relief can be granted.  The factual allegations are not tied in any way to the bare conclusory allegations of constitutional deprivations.  All five of the causes of action alleged are devoid of any supporting factual allegations.

      A motion to dismiss should be granted if the Plaintiffs have failed to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water Dist. of S. Cal.*, 159 F.3d 1178, 1181 (9th Cir. 1998).

      Plaintiff's Amended Complaint fails to articulate a factual basis for a plausible claim for any of the causes of actions alleged.  Under the circumstances dismissal for failure to state a claim is appropriate and should be granted.

### III.

**PLAINTIFF HAS FAILED TO ALLEGE FACTS WHICH WOULD ESTABLISH THE VIOLATION OF ANY CONSTITUTIONAL RIGHTS AND A CLAIM PURSUANT TO 42 U.S.C. 1983 HAS NOT BEEN STATED**

To state a claim for relief under Section 1983, a plaintiff must state facts, not simply conclusions and must show (through his allegations) how a named defendant was directly involved in the deprivation alleged. <u>Barren v. Harrington</u>, 153 F. 3d 1193, 1194 (9th Cir. 1998). In order to state a valid claim for relief under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. <u>Long v. County of L.A.</u>, 442 F.3d 1178, 1185 (9th Cir.2006) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

In the instant matter, Plaintiff's Amended Complaint has failed to allege sufficient facts to support a claim for violation of a right secured by the constitution. The Amended Complaint is devoid of factual allegations which would support any plausible claim under Section 1983. Plaintiff's First Cause of Action should be dismissed.

### IV.

**PLAINTIFF HAS NOT ADEQUATELY ALLEGED A CLAIM FOR MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. 1983 PURSUANT TO THE MONELL CASE AND HIS SECOND CAUSE OF ACTION SHOULD BE DISMISSED**

Plaintiff has not identified any constitutional rights which are contended to have been infringed upon. Such identification is the first step to alleging a valid 1983 claim. <u>Albright v. Oliver</u>, 510 U.S. 266, 271, 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994). If Plaintiffs have not suffered a violation of their constitutional rights, no action lies pursuant to <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) for municipal liability.

Even if it were determined that Plaintiff had somehow alleged a specific violation of his constitutional rights here, he has failed to set forth sufficient factual allegations to survive a motion to dismiss.  His allegations in the Second Cause of Action are completely generalized and formulaic recitations and fail to articulate a cognizable theory of public entity liability. The allegations concerning municipal liability have no specific reference or application to the scarce facts alleged by Plaintiff. The allegations are speculative and conclusory and provide no indication to Defendants about what is actually being claimed

In *Monell, supra*, the United States Supreme Court held that a municipality, such as the City of Henderson, may only be subject to liability under Section 1983 when it is the **moving force**, pursuant to an existing policy or custom, which results in the alleged constitutional tort. *Monell*, 436 U.S. 658, 690-91 (1978).  It is only when the "execution of the government's policy or custom ... inflicts the injury" that a municipality may be held liable under Section 1983.  *Id*. at 694.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, **subjects**, **or causes to be subjected**, any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … 42 U.S.C. § 1983.
> (emphasis added).

The Supreme Court held in *Monell* that the plain language and legislative history of Section 1983 clearly shows that Congress did not intend for municipalities, like the City of Henderson, "to be held liable unless action pursuant to **official municipal policy** … caused a constitutional tort." At p. 691 (emphasis added).

In determining whether official municipal policy is the cause of a constitutional tort, it is not enough for a § 1983 plaintiff to merely identify conduct alleged to be attributable to the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117

S. Ct. 1382, 1388 (1997). A governmental entity can only be liable under § 1983 when the execution of that entity's policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694.

Plaintiff has failed to satisfy the rigorous *Monell* standards his Second Cause of Action and should be dismissed as a matter of law. Plaintiff's allegations of municipal liability consist solely of formulaic recitations which are inadequate to state a claim and therefore should be dismissed. See *Dougherty*, 654 F.3d at 900-01 (dismissing § 1983 claims where plaintiffs' claims, as those here, lacked any factual allegations regarding key elements of *Monell*). Plaintiff has only alleged that "[t]he unconstitutional actions and/or omissions of Chief White, and Does 1-10, as well as other officers employed by or acting on behalf of Defendant HPD (sic), violated 42 USC § 1983, depriving Plaintiff of the following clearly-established and well settled constitutional rights ..." followed by a litany of conclusory allegations containing no supporting facts is the epitome of the formulaic pleading which has consistently been found inadequate to state a plausible claim. See ¶ 33 of Plaintiff's Amended Complaint

The Ninth Circuit has held pursuant to *Monell* that municipalities are subject to damages under § 1983 only when the plaintiff has been injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a "final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quoting *Delia v. City of Rialto,* 621 F.3d 1069, 1081–82 (9th Cir. 2010)). To establish the liability of a governmental entity under *Monell* pursuant to a theory that an official policy, longstanding practice, and/or custom was the basis for the constitutional tort, a plaintiff must allege that: (1) the plaintiff was deprived of a constitutional right deprived; (2) that the

municipality had a policy; (3) that such policy amounted to deliberate indifference to the plaintiff's subject constitutional right; and (4) such policy was the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011), cert. denied, 133 S. Ct. 1725, 185 L. Ed. 2d 786 (2013) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original)).  Here there is no allegation concerning an actual, specific policy or custom.  Instead, Plaintiff includes non-specific allegations potentially covering vast areas of law which are premised upon "information and belief".

It is well established that in a Section 1983 action a municipality cannot be held liable on a theory of *respondeat superior.*  *Burns v.Barreto,* 2011 WL 476505, 4 (E.D. Cal. 2011); *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  In *Burns*, *supra*, the court outlined the requirements to establish municipal liability in a Section 1983 action as follows:

> The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius,* 429 F.3d 858, 868 (9th Cir.2005) (citation and quotation marks omitted, modification in original); *see also* *Levine,* 525 F.3d at 907 ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir.1996)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

In *Barren*, *supra*, the lower court had granted defendants' motion to dismiss for failure to state a claim pursuant to Section 1983.  The U.S. Court of Appeals, 9th Circuit

affirmed the dismissal on appeal. The complaint in issue was summarized by the 9th Circuit as follows:

> Barren's complaint comprised four separate allegations. Count I alleged that the defendants had conspired to deny him his Fourth Amendment rights by bringing charges against him without probable cause, thus causing him to be incarcerated for 156 days before the charges were dismissed. Count II alleged that his due process rights were violated when he was held from May 1995 to October 1995 without a hearing. Count III alleged that he was denied the equal protection of the laws and was denied his First Amendment right of access to the courts when the defendants caused his brass slip requesting payment of a court ordered $5 filing fee to be denied. Count IV alleged that the appellant was denied access to the courts when his brass slip was denied, resulting in the dismissal of his lawsuit, *Barren v. Harrington*, CV-N-96-254-DWH. At 1194.

It is notable that the allegations of the complaint in *Barren*, dismissed for failure to state a claim, were far more specific as to the alleged constitutional rights contended to be violated than is the Amended Complaint in the case at bar.

Plaintiff has failed to satisfy the rigorous standards established under *Monell*, and therefore Plaintiff's Second Cause of action should be dismissed as a matter of law. Plaintiff's allegations of municipal liability under *Monell* should be dismissed for failure to state a claim upon which relief can be granted.  See *Dougherty*, 654 F.3d at 900-01 (dismissing § 1983 claims where plaintiffs' claims, as those here, lacked any factual allegations regarding key elements of *Monell*).

Even if it were determined that Plaintiffs had somehow alleged a specific violation of their constitutional rights here, they have failed to make sufficient factual allegations to survive a motion to dismiss.  Their allegations in the Second Cause of Action are neither specific nor factually supported and fail to articulate a cognizable theory of public entity liability. The allegations concerning municipal liability have no specific reference or application to the few facts that are actually alleged by Plaintiffs. The allegations are

speculative and conclusory and provide no indication to Defendants about what is actually being claimed.

It is well established that a public entity is not liable simply because its employees deprived a plaintiff of his or her constitutional rights; the plaintiff must show the entity's policies or customs caused the deprivation. <u>Monell</u>, at 692.  A municipality is only liable if a municipal policy is a driving force behind the constitutional deprivation. <u>Villegas</u>, <u>supra</u>; <u>Galen v. County of Los Angeles</u>, 477 F. 3d 652, 667 (9th Cir. 2007).

In the instant matter, Plaintiff's Amended Complaint is devoid of any allegations which would state any plausible claim for relief against the CITY for municipal liability under Section 1983.  There is no way to ascertain what constitutional right(s) are being alleged to have been violated and what the CITY'S claimed involvement in such violations might be due to the paucity of facts contained in the Amended Complaint.

**V.**

**PLAINTIFF'S THIRD CAUSE OF ACTION FOR SUPERVISORY LIABILITY PURSUANT TO 42 USC § 1983 SHOULD BE DISMISSED**

Plaintiff's Third Cause of Action suffers from the same deficiencies previously described concerning the First and Second Causes of Action.  In short, Plaintiff's allegations in the Third Cause of Action consist of fact-free conclusory and speculative statements which are not sufficient to state a claim for relief.  The same deficiencies and lack of an established violation of a constitutional right discussed previously operate to cause Plaintiff's Third Cause of Action to fail to state a claim.

A supervisory official cannot be liable in a 1983 action for the acts of lower officials in absence of a state law imposing such liability. <u>Cavalieri v. Las Vegas Metro. Police Dept.</u>, 2012 WL 846466 (D. Nev.); <u>Faye v. Stapley</u>, 607 F. 2d 858, 862 (9th Cir. 1979).  An official cannot be liable for deliberate indifference unless he knows facts from which an

10

inference could be drawn that a substantial risk of harm exists and he must also draw that inference. *Cavalieri*, *supra*.

There are no allegations that Former Chief White had involvement with whatever event(s) are the basis of Plaintiff's claims and there are no allegations that Chief White participated in supervision or direction of the Officer(s) who are alleged to have participated in the actions alleged in the Amended Complaint.  Plaintiff here has not alleged facts which would show any acts of deliberate indifference by any Defendants. The facts alleged do not rise to a level of a substantial risk of serious harm.  Plaintiff's Third Cause of Action should be dismissed.

## VI.

### PLAINTIFF HAS ALLEGED NO PERSONAL INVOLVEMENT OF FORMER POLICE CHIEF JAMES WHITE AND HAS THEREFORE FAILED TO STATE A SECTION 1983 CLAIM AGAINST HIM

Because Plaintiff's Amended Complaint is devoid of any allegation that former Police Chief White personally directed, supervised, or participated in the alleged acts, the Section 1983 claims against White should be dismissed as a matter of law.  Individual capacity suits require proof that a government official, acting under color of state law, caused the deprivation of a federal right.  See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

To pursue an individual capacity action, the plaintiff must show the official's actual personal involvement in the alleged constitutional violation.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (dismissing Director of State Health Department in individual capacity because of lack of involvement); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (holding that officers cannot be liable for an allegedly unlawful search when there is no direct evidence of their individual participation); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (dismissing Attorney General in individual capacity because of lack of

11

involvement). It is well-established that an individual claim under Section 1983 does not lie against a superior officer by virtue of his position in the alleged offending officer's chain of command. *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1155 (10th Cir. 2006); *Funderburk v. Williams*, 2011 WL 835498 (D. Nev. 2011).

Other than mentioning Former Chief White in the caption and including his name in general conclusory allegations with no factual component, Plaintiff's Amended Complaint has no allegation that Former Police Chief White had any personal involvement in the alleged incident, let alone that he was the "cause" of any alleged constitutional torts. Accordingly, all of Plaintiff's claims against Former Police Chief White, in his individual capacity, should be dismissed.

## VII.

### QUALIFIED IMMUNITY PRECLUDES PLAINTIFF'S CLAIMS AGAINST DEFENDANTS EBERT AND WHITE

Qualified immunity protects all government officials and employees, including police officers, from suit in their individual capacities for actions taken within the scope of their discretionary authority while acting under the color of state law. *Somavia v. Las Vegas Metro. Police Dep't*, 816 F. Supp. 638, 641 (D. Nev. 1993), aff'd, 15 F.3d 1089 (9th Cir. 1994). Not only does qualified immunity protect "'all but the plainly incompetent or those who knowingly violate the law,'" [*Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335 (1986))], it "generally protects government officials so long as their conduct does not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Herrera, 298 F. Supp. 2d at 1051 (quoting *Baker v. Racansky,* 887 F.2d 183, 186 (9th Cir.1989)). Discretionary authority includes all acts undertaken pursuant to the performance of the official's duties that are within the scope of his or her authority.

"The doctrine of qualified immunity protects government officials 'from [personal] liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). To determine if an official is protected by qualified immunity and therefore entitled to dismissal of the claims against him, a court must ask "whether the plaintiff has alleged the deprivation of an actual constitutional right," and "whether that right was clearly established at the time of the alleged violations." *Int'l Action Ctr. v. United States*, 365 F.3d 20, 24, 361 U.S. App. D.C. 108 (D.C. Cir. 2004) Courts may "exercise their sound discretion in deciding which of the two prongs ... should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

The second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition ... 'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). A court must determine whether "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id. at 202*

Even if a law enforcement officer violates an individual's constitutional rights, the officer may be protected by the doctrine of qualified immunity. Qualified immunity shields a public official from individual liability for civil damages under § 1983 so long as his conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73

L.Ed.2d 396 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the [police officer's] error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan,* 555 U.S. 223 (2009) (citation and internal quotation marks omitted).  See also, *Reichle v. Howards*, 132 S. Ct. 2088, 2012 U.S. LEXIS 4132, 2012 WL 1969351 (2012).

The qualified immunity determination is a question of law, and the trial court has an independent obligation to survey the relevant law to determine whether a constitutional right was violated and whether that right was clearly established.  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985); *Ennis v. Lott*, 589 F. Supp. 2d 33, 36-37 (D.D.C. 2008).

As previously pointed out, Plaintiff has failed to articulate facts sufficient to state that a deprivation of a constitutional right may have occurred.  It is abundantly clear that Plaintiff has failed to proffer factual; allegations that would establish that the individual Defendants, or either of them, violated clearly established statutory or constitutional rights of which a reasonable person would have known. Plaintiff has failed to state a claim against the individual Defendants.  The factual allegations are clearly inadequate to articulate any claim for which the protections of qualified immunity would not apply. Defendants White and Ebert should be found to have qualified immunity premised upon the facts alleged and the causes of action asserted against them should be dismissed.

## VIII.

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

Plaintiff's state law claims suffer from the same lack of factual support as the Plaintiff's § 1983 claims. Having failed to allege adequate facts to articulate the elements of any of the state law claims, all of Plaintiff's state law claims should all be dismissed.

## IX.

## THIS COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Federal law confers supplemental jurisdiction on the district courts:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. 1367(a).   A district court may only invoke its supplemental jurisdiction when there is a "hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).   Section 1367 authorizes district courts to decline to exercise supplemental jurisdiction over pendent claims when it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3).   As the United States Supreme Court has held, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

In *Gibbs*, the Court made clear that the purpose of supplemental jurisdiction over pendent state law claims is to promote judicial economy, convenience, and fairness. Id. When these considerations are absent, a federal court should be reticent to exercise jurisdiction. Id. The Court explained that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be

dismissed as well." Id.

Here, the dismissal of Plaintiff's claims over which this Court would have original jurisdiction, necessitates the dismissal of Plaintiff's state law claims, over which this Court would retain only supplemental jurisdiction. The dismissal of Plaintiff's state law claims would most effectively promote judicial economy, convenience, and fairness because Plaintiff could pursue any state law claims that survive dismissal in a Nevada state court. Plaintiff would suffer no prejudice from dismissal.

## X.

## DISCRETIONARY IMMUNITY FOR STATE LAW CLAIMS

In the event that this Court decides to retain jurisdiction over Plaintiff's state law claims, it should still dismiss them as to both of the individually named officers under the well-settled principles of discretionary immunity. Defendants Ebert and White are both government employees alleged to have been acting in the course and scope of their employment with the City and are, therefore, entitled to discretionary immunity with regard to all of Plaintiff's state law claims. *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002).

Nevada Revised Statute 41.032 provides, in pertinent part:

[N]o action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:

 1. Based upon an act or omission of an officer, employee or immune contractor, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or

 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

To come within the scope of discretionary act immunity under Nevada law, "a decision must (1) involve an element of individual judgment or choice, and (2) be based on considerations of social, economic, or political policy." *Martinez v. Maruszczak*, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007). "An officer's decision as to how to accomplish a particular seizure or search is generally considered a discretionary determination under Nevada law, and officers are therefore immune from suit as to state law claims arising therefrom in most cases." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007). It is only when an officer's actions are "attributable to bad faith" that "immunity does not apply whether an act is discretionary or not." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007) (quoting *Falline v. GNLV Corp.*, 107 Nev. 1004, 1009, 823 P.2d 888 (Nev.1991)).

Plaintiff does not allege that the Defendant officers, individually or collectively, acted in bad faith. On that basis, the Court should dismiss Plaintiff's claims against Defendants White and Ebert as a matter of law.

## XI.

## DOE PLEADING IS IMPROPER AND THE DOE DEFENDANTS SHOULD BE DISMISSED

As a general rule, the use of Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (dismissing Doe defendants and noting that Plaintiffs have other remedies under Federal Rules of Civil Procedure to name additional persons). Naming a "John Doe casts no magical spell." *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "There is no provision in the Federal Statutes or the Federal Rules of Civil Procedure for use of fictitious parties." Id. "If there are unknown persons or entities,

whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings." *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

The Ninth Circuit noted in *Sigurdson v. Del Guercio* that "John Doe complaints are dangerous at any time." 241 F.2d 480, 482 (9th Cir. 1956). In *Sigurdson*, the plaintiffs named John Doe and Richard Roe, describing them merely as "officers of the United States Immigration and Naturalization Services." Id. Affirming dismissal by the district court, the Ninth Circuit explained "[i]t is inviting disaster to allow them [claims against DOE defendants] to be filed and to allow fictitious persons to remain defendants if the complaint is still of record." Id.

The DOE defendants, none of whom are specifically described in the Amended Complaint should be dismissed.

Allowing the DOE defendants to remain parties to this action would run directly contrary to policy, and the principles articulated in *Iqbal* and *Twombly*. See *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); see also *Keller v. United States*, 667 F. Supp. 1351, 1356, fn. 9 (S.D. Cal. 1987) ("[t]here is a strong federal policy against naming fictitious defendants in the pleadings"); also Iqbal, 556 U.S. at 662; *Twombly*, 550 U.S. at 544. Based on these well-settled principles, the Court should dismiss all Doe defendants from this action.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons Defendants CITY OF HENDERSON, Former CHIEF JAMES WHITE and OFFICER JOSEPH W. EBERT respectfully request that this Honorable Court enter its order dismissing Plaintiff's Amended Complaint in its entirety for failing to state any claims upon which relief can be granted.

Respectfully Submitted,

CITY OF HENDERSON
JOSH M. REID, CITY ATTORNEY


/s/ Nancy D. Savage
JOSH M. REID
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendants

## CERTIFICATE OF MAILING

I hereby certify that on the 10th day of July, 2014, I served the above and foregoing DEFENDANTS CITY OF HENDERSON, OFFICER JOSEPH W. EBERT AND CHIEF JAMES WHITE'S MOTION TO DISMISS, by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Cal J. Potter, III, Esq.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
(702) 385-9081 Facsimile

/s/ Laura Kopanski
Employee of the Henderson City Attorney's Office