**JOSH M REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorney for Defendants
CITY OF HENDERSON, OFFICER JOSEPH W. EBERT
And CHIEF JAMES WHITE

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM BROOKS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF HENDERSON; CHIEF JAMES WHITE, in his capacity as Interim Chief of the Henderson Police Department; OFFICER JOSEPH W. EBERT, individually; DOES 1 through 10, inclusive;<br><br>　　　　　　Defendants. | CASE NO.: 2:14-cv-00374-GMN-GWF |

### **DEFENDANTS CITY OF HENDERSON, OFFICER JOSEPH W. EBERT AND CHIEF JAMES WHITE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW, Defendants CITY OF HENDERSON, OFFICER JOSEPH W. EBERT and CHIEF JAMES WHITE, through their attorneys, Josh M. Reid, City Attorney and Nancy D. Savage, Assistant City Attorney for the CITY OF HENDERSON, and provide this Reply in support of their Motion to Dismiss (Doc. #17).

1

This Reply is made and based upon the papers and pleadings on file herein and any oral argument the Court may entertain at the time of the hearing in this matter.

DATED this 7th day of August, 2014.

        CITY OF HENDERSON
        JOSH M. REID, CITY ATTORNEY


        */s/ Nancy D. Savage*
        JOSH M. REID
        City Attorney
        Nevada Bar No. 7497
        NANCY D. SAVAGE
        Assistant City Attorney
        Nevada Bar No. 392
        240 Water Street, MSC 144
        Henderson, Nevada 89009
        Attorney for Defendants

## **POINTS AND AUTHORITIES**

### **I.**

### **PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO STATE PLAUSIBLE CLAIMS FOR RELIEF**

In his Opposition, Plaintiff reiterates and restates at length the numerous conclusory and speculative allegations of his Amended Complaint ("Am. Comp.") (Doc. #8). Plaintiff quotes ¶ 11 of his Am. Comp. as "fact", among others with the same deficiencies. It is notable that ¶ 11 is actually contained in the "Fact" section of the Am. Comp. as follows:

> Defendants City of Henderson, and its HPD, acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarity situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things.

a. Filing factually inaccurate and/or factually incorrect affidavits for arrest warrants that violates the holding of *Franks v. Delaware* and its progeny;

b. Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

c. Failing to adequately discipline deputies or civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely benefits;

d. Condoning and encouraging Officers and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

¶ 11 exemplifies the type formulaic recitation of elements and conclusions unsupported by specific factual allegations which have repeatedly been found to be insufficient pursuant to the tenets of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), see also *Starr v. Baca*, 652 F. 3d 1202, 1212 (9th Cir. 2011).  It is well established that where the allegations have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, at 570.  Mere possibility is not enough.

In ¶ 11(b) "[f]ailing to adequately train, supervise and control . . . in the arts of law enforcement" is not supported by any facts alleged and does not provide the fair notice needed for defendants to defend themselves effectively.  The remaining allegations of ¶ 11 are equally vague, non-specific and lacking in specific factual allegations in support.  Plaintiff seems to rely a great deal on ¶ 11 as a "factual" basis for multiple claims alleged.  ¶ 11 does not allege facts and any claim premised upon ¶ 11 should be dismissed.

In ¶ 12 Plaintiff asserts conclusory allegations with no specific facts to support them.  Such allegations should not be accepted as true in the Court's analysis of the current Motion to Dismiss.  ¶ 12 states, in pertinent part as follows:

Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants City of Henderson, Chief White, and Does 1-10, ordered, authorized, acquiesced in, tolerate, or permitted other defendants herein to engage in the unlawful and unconstitutional violations based either on a deliberate plan by defendants or on defendant's deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of the Plaintiff.

Plaintiff essentially concedes in the text of ¶ 12 that he has no specific knowledge or facts which support his overly broad conclusions. The allegation is based on "information and belief" and merely sets forth a formulaic recitation of elements combined with conclusory allegations. There are no specific facts alleged anywhere in in Plaintiff's Am. Comp., which if accepted as true, would provide a plausible claim against Chief White or the City of Henderson.

There are no specific factual allegations which establish a necessary nexus between Chief White and the Plaintiff's alleged claims. Such a nexus must have been plead in order for the Plaintiff's claims to move forward. _Barren v. Harrington_, 152 F. 3d 1193 (9th Cir. 1998). Plaintiff has not alleged facts which, if accepted as true, would establish any participation in the alleged constitutional deprivation by Chief White. A § 1983 claim does not lie against a superior officer simply because he was in the alleged offending officer's chain of command. _Funderburk v. Williams_, 2011 WL 835498 (D. Nev. 2011). Plaintiff's claims against Chief White are solely premised upon the Chief's position with the Police Department. As a result, all claims against Chief White should be dismissed.

Plaintiff's claims pursuant to Monell and for supervisory liability are similarly premised upon Chief White's presence in the Police Department's chain of command along with a plethora of conclusory and speculative allegations unsupported by specific facts which would give Defendants notice of what the Plaintiff is truly claiming.

Plaintiff does not even allege in his formulaic recitations the final element necessary for a Monell claim.  There is no allegation that any of the vaguely alleged policies were the moving force behind any constitutional deprivations claimed.  Absent that element and specifically plead supportive facts, Plaintiff has failed to state a claim for municipal liability. <u>Miranda v. City of Cornelius</u>, 429 F. 3d 858, 868 (9th Cir., 2005).

Defendants will not reiterate the argument previously made in their Motion to Dismiss, but point out that Plaintiff has failed in his opposition to identify sufficient factual allegations to fill the voids in his Am. Comp. which were discussed in Defendants' Motion to Dismiss.  Plaintiff has proffered nothing which would preclude Dismissal for failure to state a claim.  Dismissal of Plaintiff's Am. Comp., in its entirety is appropriate.

## II.

## **CONCLUSION**

For the foregoing reasons Defendants respectfully request this Honorable Court to enter its order dismissing the claims alleged by Plaintiff in his Am. Comp. for failure to state a claim upon which relief can be granted.

DATED this 7th day of August, 2014.

        CITY OF HENDERSON
        JOSH M. REID, CITY ATTORNEY


        */s/ Nancy D. Savage*
        JOSH M. REID
        City Attorney
        Nevada Bar No. 7497
        NANCY D. SAVAGE
        Assistant City Attorney
        Nevada Bar No. 392
        240 Water Street, MSC 144
        Henderson, Nevada 89009
        Attorney for Defendants

**CERTIFICATE OF MAILING**

I hereby certify that on the 7th day of August, 2014, I served the above and foregoing DEFENDANTS CITY OF HENDERSON, OFFICER JOSEPH W. EBERT AND CHIEF JAMES WHITE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS, by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

> Cal J. Potter, III, Esq.
> POTTER LAW OFFICES
> 1125 Shadow Lane
> Las Vegas, NV 89102

> /s/ Laura Kopanski
> Employee of the Henderson City Attorney's Office

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015