# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADAM BROOKS,          ) <br>                  ) <br>        Plaintiff,     ) <br>    vs.                 ) <br>                  ) <br> CITY OF HENDERSON; CHIEF JAMES  ) <br> WHITE, in his capacity as Interim Chief of the  ) <br> Henderson Police Department; OFFICER  ) <br> JOSEPH W. EBERT, individually; DOES 1  ) <br> through 10, inclusive,      ) <br>                  ) <br>       Defendants.    ) <br>                  ) | Case No.: 2:14-cv-00374-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 17) filed by Defendants City of Henderson, Officer Joseph W. Ebert, and Chief James White (collectively "Defendants"), seeking dismissal of the operable Amended Complaint (ECF No. 8) for failure to state a claim. Plaintiff Adam Brooks ("Plaintiff") filed a Response (ECF No. 18), and Plaintiff filed a Reply (ECF No. 19).

## I.     BACKGROUND

According to the Amended Complaint, Plaintiff is a retired police officer in lawful possession of his retired police officer's badge. (Am. Compl. ¶ 17, ECF No. 8). On June 14, 2012, Plaintiff was arrested pursuant to a warrant, and at some point before or during his arrest, Plaintiff's badge was confiscated. (*Id.* ¶¶ 13, 17, 21–22, 25). Plaintiff contends that the warrant for his arrest was based upon an affidavit in which Officer Ebert made several knowingly false statements, including that Plaintiff's possession of his badge was unlawful and that the badge was seized during a traffic stop when it was actually seized at a restaurant. (*Id.* ¶¶ 13, 16, 21–22, 24). Plaintiff further contends that Officer Ebert failed to conduct an independent

investigation prior to the arrest by not contacting any of the witnesses who were present at the time of the "alleged incident,"[1] and therefore, no probable cause existed for his arrest. (*Id.* ¶¶ 14–15, 23–24).

Plaintiff filed his original Complaint (ECF No. 1) on March 12, 2014 alleging: (1) violation of civil rights pursuant to §1982, (2) municipal liability pursuant to *Monell*, (3) supervisory liability pursuant to §1982, (4) state law malicious prosecution, and (5) state law false arrest. (Compl. ¶¶ 26–64, ECF No. 1).  Plaintiff subsequently filed his Amended Complaint on June 11, 2014 substituting Chief White as a defendant for the former chief of the Henderson Police Department. (Am. Compl. ¶ 4, ECF No. 8).

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

---

[1] Plaintiff's Amended Complaint never alleges any facts concerning what happened at the "alleged incident" that was the basis for his arrest. *See* (Am. Compl., ECF No. 8).  However, paragraph 15 states "[h]ad Defendant Ebert contact [*sic*] witnesses to the incident[,] he would have learned that four separate individuals whom were present at the location of the alleged incident states [*sic*] that Mr. Brooks did not identify himself as a police officer." (*Id.* ¶ 15).  Therefore, it appears Plaintiff was arrested for using his badge to impersonate a police officer.

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555) (emphasis added).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  Rule 8(a)(2) requires that a plaintiff's

complaint contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

"they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

(9th Cir. 1996).

## III.   DISCUSSION

In their motion, Defendants argue that Plaintiff has failed to sufficiently plead any of his

claims in the Amended Complaint.  As discussed below, the Court agrees with one exception.

### A.   Sufficiency of the Pleadings

First, the Court finds that the allegations in Plaintiff's Amended Complaint generally fail

to satisfy the pleading standards articulated in Rule 8(a)(2) and *Twombly* requiring a complaint

to contain "a short and plain statement of the claim showing that the pleader is entitled to

relief" and to provide the defendants with fair notice of a legally cognizable claim and the

grounds on which it rests.  The vast majority of the Amended Complaint is composed of

conclusory allegations and formulistic recitations of the various causes of action.[2]  Moreover,

---

[2] For example, paragraph 12 of the Amended Complaint states:
> Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants City of Henderson, Chief White, and Does 1-10, ordered, authorized, acquiesced in, tolerate [*sic*], or permitted other defendants herein to engage in the unlawful and unconstitutional violations based either on a deliberate plan by defendants or on defendant's [*sic*] deliberate indifference, gross negligence, or reckless disregard ti [*sic*] the safety, security, and constitutional and statutory rights of Plaintiff.

(Am. Compl. ¶ 12, ECF No. 8).

the few paragraphs containing factual allegations are so poorly drafted and organized that the exact factual basis underlying Plaintiff's claims remains unclear. *See e.g.*, (Am. Compl. ¶ 18, ECF No. 8) (Paragraph 18 states that "Defendant Ebert, in his affidavit, falsely stated that the fact Brooks was in lawful possession of a Brooks' [*sic*] retired police officer's badge, gave weight to the alleged statement over the phone." However, the phone call is never mentioned again anywhere else in the pleadings nor is there any other information in the Amended Complaint concerning the content or context of the "alleged statement.").

This general deficiency of Plaintiff's factual allegations results in all but one of Plaintiff's individual claims being inadequately pled. For example, "[i]n order to establish liability for governmental entities under *Monell,* a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which []he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotations omitted). Here, however, Plaintiff has failed to allege the existence of any specific policy within the Henderson Police Department or how that policy amounted to or was the moving force behind a violation of his constitutional rights. Instead, Plaintiff's Amended Complaint makes broad, conclusory allegations concerning improper polices or practices that are so vague as to be virtually meaningless and are not supported by any of Plaintiff's factual allegations. *See* (Am. Compl. ¶¶ 11–12, 33–36, ECF No. 8).

Likewise, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, however, Plaintiff has failed to allege any facts concerning Chief White's personal participation in the alleged incident beyond vague and conclusory assertions

of his permitting improper policies and practices. *See* (Am. Compl. ¶¶ 11–12, 26–31, ECF No. 8). These allegations are insufficient to support a § 1983 claim against Chief White in his individual capacity.[3]

The Court finds, however, that under the liberal Rule 8 and *Twombly* pleading standards, Plaintiff has sufficiently alleged his § 1983 claim against Officer Ebert. In order to state a valid claim for relief under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Construing the Amended Complaint in a light most favorable to Plaintiff, Plaintiff has alleged that Officer Ebert arrested Plaintiff without probable cause while acting under the color of state law in his role as a police officer. (Am. Compl. ¶¶ 13–28, ECF No. 8). Furthermore, though the poor drafting of Plaintiff's Amended Complaint causes the basis for this claim to be somewhat confusing, the allegations are still sufficient to put Officer Ebert on notice of the claim and the grounds upon which it rests. Plaintiff's factual allegations of the fraudulent statements in the arrest warrant and failure to interview any witnesses are sufficient for the claim to survive. (*Id.* ¶¶ 13–17). Accordingly, all of Plaintiff's claims in the Amended Complaint except the §1983 claim against Officer Ebert, are dismissed.

## B. Amendment

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied

---

[3] An official-capacity suit "generally represents only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1984) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978)). Therefore, "a plaintiff seeking to recover in an official capacity suit must look to the government entity itself" and not the actual official when the government entity is a named defendant. *Id.* at 166. Accordingly, to the extent Plaintiff is suing Chief White in his official capacity, that claim is redundant with Plaintiff's claim against the City of Henderson and is dismissed with prejudice.

when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

At this time, amendment to Plaintiff's pleadings does not appear to be futile for any of his dismissed claims, and Plaintiff may be able to correct the deficiencies in the Amended Complaint with sufficient allegations in a second amended complaint. Accordingly, Federal Rule of Civil Procedure 15(a) necessitates dismissal of Plaintiff's claims without prejudice.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. All of the claims in Plaintiff's Amended Complaint (ECF No. 8) except for the § 1983 claim against Officer Ebert are **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this order to file an amended complaint in accordance with this Order. Failure to file an amended complaint by this time will result in the dismissed claims being dismissed with prejudice.

**DATED** this 17th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge