**JOSH M REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorney for Defendant
OFFICER JOSEPH W. EBERT

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ADAM BROOKS,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER JOSEPH W. EBERT, individually,<br><br>        Defendant. | CASE NO.: 2:14-cv-00374-GMN-GWF |

### DEFENDANT OFFICER JOSEPH W. EBERT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant OFFICER JOSEPH W. EBERT, by and through his attorneys, Josh M. Reid, Henderson City Attorney and Nancy D. Savage, Assistant City Attorney for the CITY OF HENDERSON, and answers Plaintiff's Amended Complaint by admitting, denying and alleging as follows, and further declares his Affirmative Defenses below:

1

## JURISDICTION & VENUE

1. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

2. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

## PARTIES

3. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

4. Defendant admits that the CITY OF HENDERSON ("CITY") is a political subdivision of the State of Nevada and that all claims alleged against the CITY in the Plaintiff's Amended Complaint have been dismissed from this action, with prejudice. See Order filed on March 17, 2015 (Doc. 25) (hereinafter "Order of Dismissal"). Defendant admits that all claims alleged against Defendant James White have been dismissed with prejudice pursuant to the Order of Dismissal (Doc. 25) and that James White is no longer a party to this action. Defendant denies each and every other allegation contained in paragraph 4 of the Plaintiff's Amended Complaint.

5. Defendant admits that each and every Cause of Action alleged against the CITY has been dismissed with prejudice. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

6. Defendant admits the allegations pertaining to Defendant EBERT in paragraph 6 of the Plaintiff's Amended Complaint. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations pertaining to CHIEF WHITE contained in paragraph 6 and therefore denies the same. Defendant admits that each and every cause of action alleged against CHIEF WHITE and Doe 1-10 have been dismissed with prejudice. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 6 and therefore denies the same.

7. Defendant denies that CHIEF WHITE and Does 1-10 are Defendants in this action. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

8. Defendant admits that Does 1-10 have been dismissed with prejudice from this action. Defendant denies each and every remaining allegation contained in paragraph 8 of the Plaintiff's Amended complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Amended Complaint on file herein.

10. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

**FACTS**

11. Defendant denies the allegations contained in paragraph 11, (a) through (d) of the Plaintiff's Amended Complaint on file herein.

12. Defendant admits that each and every Defendant named in this allegation

has been dismissed from the above-entitled action with prejudice. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Plaintiff's Amended Complaint and, therefore, denies the same.

13. Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint on file herein.

14. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 14 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

15. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 15 of the Plaintiff's Amended Complaint and, therefore, denies each and every allegation contained therein.

16. Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint on file herein.

17. Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint on file herein.

18. Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Amended Complaint on file herein.

19. Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Amended Complaint on file herein.

20. Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint on file herein.

21. Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Amended Complaint on file herein.

22.     Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Amended Complaint on file herein.

23.     Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Amended Complaint on file herein.

24.     Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint on file herein.

25.     Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Amended Complaint on file herein.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

26.     Defendant re-alleges and incorporates herein by reference his answers to the allegations contained in paragraphs 1 through 25 of the Plaintiff's Amended Complaint as though fully set forth herein.

27.     Defendant denies the allegations contained in paragraph 27, (a) through (d) of the Plaintiff's Amended Complaint on file herein.

28.     Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Amended Complaint on file herein.

29.     Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Amended Complaint on file herein.

30.     Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Amended Complaint on file herein.

31.     Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Amended Complaint on file herein.

## SECOND CAUSE OF ACTION

## MONELL CLAIM/MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

32. The Second Cause of Action, paragraphs 32 through 38, inclusive, of the Plaintiff's Amended Complaint, have been dismissed with prejudice pursuant to the Court's Order concerning the Defendants' Motion to Dismiss (Doc. 25).

## THIRD CAUSE OF ACTION

## SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983

33. The Third Cause of Action, paragraphs 39 through 46, inclusive, of the Plaintiff's Amended Complaint, have been dismissed with prejudice pursuant to the Court's Order concerning the Defendants' Motion to Dismiss (Doc. 25).

## FOURTH CAUSE OF ACTION

## PENDANT STATE TORT CLAIM FOR MALICIOUS PROSECUTION

34. The Fourth Cause of Action, paragraphs 47 through 55, inclusive, of the Plaintiff's Amended Complaint, have been dismissed with prejudice pursuant to the Court's Order concerning the Defendants' Motion to Dismiss (Doc. 25).

## FIFTH CAUSE OF ACTION

## PENDANT STATE TORT CLAIM FOR FALSE ARREST

35. The Fifth Cause of Action, paragraphs 56 through 65, inclusive, of the Plaintiff's Amended Complaint, have been dismissed with prejudice pursuant to the Court's Order concerning the Defendants' Motion to Dismiss (Doc. 25).

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint is barred in whole, or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Defendant EBERT is entitled to qualified immunity because he has not violated Plaintiff's clearly established legal rights.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant EBERT is entitled to qualified immunity because he was exercising his discretionary authority while acting within the scope of his official capacities.

**FIFTH AFFIRMATIVE DEFENSE**

The acts of Defendant EBERT as alleged in Plaintiff's Amended Complaint were justified and privileged under the circumstances.

**SIXTH AFFIRMATIVE DEFENSE**

At all times mentioned in Plaintiff's Amended Complaint, this answering Defendant did not act negligently or recklessly, but instead acted with due care.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant is not liable for Plaintiff's alleged injuries or damages, if any, under applicable law because any such injuries or damages arose out of a lawful arrest.

**EIGHTH AFFIRMATIVE DEFENSE**

By his own actions, Plaintiff has waived whatever right he may have otherwise had to relief from this answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

By his own actions, Plaintiff is estopped from asserting any claim against this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's Amended Complaint Defendant was acting with a good faith belief that such actions were legally justifiable and authorized by and in accordance with governing law.

### ELEVENTH AFFIRMATIVE DEFENSE

No action of this answering Defendant, if any, has violated any right, privilege, or immunity guaranteed or secured to Plaintiff by the Constitution and laws of the United States.

### TWELVTH AFFIRMATIVE DEFENSE

Probable cause existed for the arrest of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by Plaintiff's failure to plead those claims with particularity.

### FOURTEENTH AFFIRMATIVE DEFENSE

The damages, if any, alleged to have been sustained by Plaintiff, were caused in whole or in part, or were contributed to by reasons of Plaintiff's negligent and/or intentional acts or omissions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any damage suffered by Plaintiff as a result of the matters alleged in his Amended Complaint, was the direct and proximate result of the negligence or intentional acts or

omissions of a third person or persons who were not within control of this answering Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the provisions of N.R.S. Chapter 41.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability for punitive damages for the matters alleged in the instant action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert all doctrines, including stability and common law immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to F.R.C.P. 11 all possible affirmative defenses may not have been set forth herein, as sufficient facts are not available after reasonable inquiry to identify additional affirmative defenses.  Defendant reserves the right to amend his answer to state additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant OFFICER JOSEPH W. EBERT requests that:

1. Plaintiff takes nothing on his action against answering Defendant;
2. For an award of costs and attorney's incurred as a result of this action; and

///
///
///
///
///

3.   For such other and further relief as the Court may deem proper in the premises.

DATED this 11th day of May, 2015.

CITY OF HENDERSON
JOSH M. REID, CITY ATTORNEY


/s/ Nancy D. Savage
JOSH M. REID
City Attorney
Nevada Bar No. 7497
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89009
Attorney for Defendant
OFFICER JOSEPH W. EBERT

### CERTIFICATE OF MAILING

I hereby certify that on the 11th day of May, 2015, I served the above and foregoing DEFENDANT OFFICER JOSEPH W. EBERT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Cal J. Potter, III, Esq.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
(702) 385-9081 Facsimile


/s/ Laura Kopanski
Employee of the Henderson City Attorney's Office